Matthew S. Tamasco (MT-9193)
  Mtamasco@schnader.com
Christopher H. Hart
  Chart@schnader.com
Todd B. Holvick
  tholvick@schnader.com
Schnader Harrison Segal & Lewis LLP
140 Broadway  Suite 3100
New York, NY 10005-1101
Telephone: 212-973-8000
Facsimile: 212-972-8298

Attorneys for Axioma, Inc.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS, INC.,<br><br>          Debtor. | Case No.: 08-01420-D-11<br><br>Chapter 11<br><br>Adv. Proc. No. 13-01357 |
| James W. Giddens, as trustee for the SIPA liquidation of LEHMAN BROTHERS, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>Axioma, Inc.,<br><br>          Defendant. | **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS DIRECTED TO STATE STREET GLOBAL ADVISORS** |

NOTICE OF SUBPOENA

PHDATA 4842790_1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that, pursuant to Fed. R. Bankr. P. 7034 and 9016, Defendant Axioma, Inc. has issued a subpoena duces tecum to State Street Global Advisors, a division of State Street Bank and Trust Company ("Respondent"), requiring the Respondent to produce copies of the Documents identified in Exhibit A hereto, at the offices of Schnader Harrison Segal and Lewis, LLP, 140 Broadway Suite 3100, New York, NY 10005-1101 212-973-8000, on **February 21, 2014**.

Dated: February 10, 2014        SCHNADER HARRISON SEGAL & LEWIS LLP

                                                                             _____
                                                                             Matthew S. Tamasco
                                                                             Attorneys for Defendant Axioma, Inc.

NOTICE OF SUBPOENA

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In re: Lehman Brothers Inc.

| James W. Giddens, as Trustee | ) | |
|---|---|---|
| *Plaintiff* | ) | Bankruptcy |
| v. | ) | Civil Action No.  08-01420 |
| Axioma, Inc. | ) | |
| | ) | Adversary |
| *Defendant* | ) | Proceeding No.  13-1357 (JMP) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    State Street Global Advisors, a division of State Street Bank and Trust Company

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Please see Attachment A

| Place: Schnader Harrison Segal & Lewis LLP<br>140 Broadway  Suite 3100<br>New York, NY 10005-1101 | Date and Time:<br><br>02/21/2014 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  2/10/14

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Axioma, Inc.
_____, who issues or requests this subpoena, are:

Mathew S. Tamasco, Schnader Harrison Segal & Lewis, LLP, 140 Broadway  Suite 3100
New York, NY 10005-1101

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 08-01420

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                            *Server's signature*

                            _____
                            *Printed name and title*

                            _____
                            *Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

This Request for Production of Documents requires that You produce all documents specified herein which are in Your actual or constructive possession, custody, or control.

If any documents or communications are not produced because You contend that they are protected by a privilege, including, but not limited to, the attorney-client privilege or the attorney work-product doctrine, You must identify with particularity each such document, including its author, date and recipient, and state the basis for the claim of privilege and provide a line-by-line justification for the assertion of the privilege.

## DEFINITIONS

The following terms used in this request shall have the meanings herein ascribed:

1. The terms "all," "any," "each," and "every" mean "all, each and every."

2. The term "Communication" or "Communications" means any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, telephone calls, dialogues, discussions, interviews, consultations, agreements, electronic mail, text messages, and any other understandings between or among two or more persons or any document that recorded or reflected any such Communication. **The term "Communication" or "Communications" includes e-mails, text messages and similar electronic communications.**

3. The term "Document" or "Documents" are used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and shall include, without limitation, any medium upon which intelligence or information can be recorded or retrieved, including, without limitation, the original and each copy, regardless of origin and location, of any written material, book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, computer files, records

(including audio tapes, video tapes, computer discs, tapes, CD-ROM and internal memory), electronic mail ("e-mail"), including deleted e-mails, transcription of recordings, which is in Your possession, custody, or control or which was, but is no longer, in Your possession, custody, or control. The terms "Document" and "Documents" shall also include all copies or drafts of Documents by whatever means made, including specifically but not exclusively, those copies bearing commentary or notations not appearing on the original.

    4.    "Lehman" means Lehman Brothers, Inc. and its officers, employees, agents, attorneys, accountants, and anyone else acting on its behalf.

    5.    The terms "relate," "relates," or "relating" shall mean referring to, reflecting, constituting, proving, disproving, evidencing, summarizing, describing, regarding, containing any record of, reference to, or indication of, or otherwise concerning the subject matter.

    6.    The "Soft Dollar Addendum" means that certain agreement dated October 4, 2007, pertaining to the Soft Dollar arrangement between and among You, Axioma, Inc., and Lehman.

    7.    "Soft Dollars" means that portion of a commission that exceeds the lowest rate available or best execution rate.

    8.    "Soft Dollar Account" refers to an account, ledger entry, or credit balance administered by Lehman on Your behalf that contains Soft Dollars.

    9.    "You", "Your", or "Anyone Acting On Your Behalf" means the Responding Party, State Street Global Advisors, a division of State Street Bank and Trust Company, its agents, attorneys, past and present officers, directors, employees, agents, any other persons acting on its behalf, assigns, and successors in interest.

## REQUESTS FOR PRODUCTION

    1.    All Documents relating to the Soft Dollar Addendum and/or Soft Dollar Account number SG -20050503.

    2.    All Documents relating to or evidencing the balance of any Soft Dollar Account maintained by Lehman on Your behalf relating to the Soft Dollar Addendum and/or Soft Dollar

Account number SG – 20050503, including, but not limited to, Documents possibly referred to as "commission link" statements and/or summaries relating to spending power, vendor payments, daily trade activity, and commission and adjustment summaries.

3. All Documents relating to or evidencing payments made by Lehman from any Soft Dollar Account administered by Lehman on Your behalf relating to the Soft Dollar Addendum and/or Soft Dollar Account number SG -20050503.

4. All Communications between Lehman and SSGA relating to payments made from the Soft Dollar Addendum and/or Soft Dollar Account number SG – 20050503.

5. All Documents and Communications relating to or evidencing any balance transfers made by You from or to any Soft Dollar Account administered by Lehman relating to the Soft Dollar Addendum and/or Soft Dollar Account number SG – 20050503.

6. All Documents evidencing how Lehman calculated the amount of Soft Dollars earned or accumulated by You as reflected in Soft Dollar Account number SG – 20050503.

7. All Documents relating to or evidencing the commissions charged to You by Lehman between September 1, 2007 and October 19, 2008.