UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No.:  08-01420 SIPA |
| LEHMAN BROTHERS, INC., | Chapter 11 |
| Debtor. | |
| James W. Giddens, as trustee for the SIPA liquidation of LEHMAN BROTHERS, INC., | Adv. Proc. No. 13-01357 (SCC) |
| Plaintiff, | **STIPULATION AND ORDER RE: THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| vs. | |
| Axioma, Inc., | |
| Defendant. | |

        This matter having come before the Court by stipulation of Defendant Axioma, Inc.

("Axioma") and Non-Party State Street Global Advisors, a division of State Street Bank and

Trust Company ("SSGA"), for entry of a protective order (the "Protective Order") limiting the

review, copying, dissemination and use of confidential and/or proprietary information to be

produced by SSGA in this matter to the extent set forth below; and Axioma and SSGA, having

stipulated and agreed to the terms set forth herein, and good cause appearing therefor, it is hereby

        ORDERED that:

        1.        This stipulation is being entered into to facilitate the production, exchange and

discovery of documents and information deemed by SSGA to merit confidential treatment (the

"Documents").

2.      SSGA may designate documents produced in connection with the subpoena issued by Axioma as "confidential", either by notation on the document, written advice to the Axioma's undersigned counsel, or by other appropriate means.

3.      As used herein:

(a) "Confidential Information" shall mean all documents, and all information contained therein, and other information designated as confidential, if such documents contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of SSGA, be detrimental to the conduct of the party's business or business of any of SSGA's customers or clients.

(b) "Producing Party" shall mean Non-Party State Street Global Advisors, a division of State Street Bank and Trust Company.

(c) "Receiving Party" shall mean Defendant Axioma, Inc.

(d) The "Litigation" shall mean *James W. Giddens, trustee for the SIPA liquidation of Lehman Brothers, Inc.v. Axioma, Inc., Adv. Proc. No. 13-01357.*

4.      Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of the Litigation and for no other purposes.

5.      Confidential Information may be disclosed as necessary in the Litigation to parties' attorneys, accountants, experts and consultants provided that the disclosing party obtains the same agreement of confidentiality from such persons as the Receiving Party is agreeing to herein.  Nothing herein shall preclude the use of such Confidential Information (i) during trial in this matter, (ii) during discovery in the Litigation; or (iii) in any pleading to the Court filed in this action, if filed in accordance with paragraph (6) herein, except that no Confidential Information shall be offered in open Court or filed in the public record absent the consent of the Producing Party or permission of the Court.

6.      All Confidential Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.

7.     Confidential Information shall remain confidential under this Protective Order after the conclusion of the Litigation.  After termination of the Litigation, including all appeals, and within sixty (60) days after receipt of a written request from the Producing Party, all Confidential Information shall be returned to the Producing Party or shall be destroyed.  This provision shall not preclude the Receiving Party's counsel for each party from maintaining in its files pleadings, briefs and other documents filed with the Court, provided that all such Confidential Information is maintained pursuant to this Protective Order.

8.     This stipulation and Protective Order may be changed by further order of the Court, and is without prejudice to the right of the Producing Party and Receiving Party to move for relief from any of its provisions, or to seek or agree to a different or additional protection for any particular material or information.


IT IS SO STIPULATED.


Dated:  March 4, 2014                  SCHNADER HARRISON SEGAL & LEWIS LLP


                                        _/s/ Todd B. Holvick_____
                                          Todd B. Holvick
                                          Attorneys for Defendant Axioma, Inc.

Dated:  March 4, 2014                  STATE STREET GLOBAL ADVISORS, a division
                                        of STATE STREET BANK AND TRUST
                                        COMPANY


                                        /s/ Monica Franceschini_____
                                          Monica Franceschini
                                          Vice President and Litigation Counsel


**IT IS SO-ORDERED:**
March 4, 2014
New York, New York

_/s/ Shelley C. Chapman_
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE